HENDERSON v. CHERRY et al.

No. 33148.  June 29, 1948.

*195 P. 2d 760.*

H. S. McArthur, of Tulsa, for plaintiff in error.

W. R. Kerr, of Tulsa, for defendant in error Jim Cherry.

WELCH, J. In this action Jim Cherry sued Charles Henderson and A. C. Jones for damages for wrongful occupation of real property.

In his petition plaintiff alleged that he was the owner of a certain described city lot and the building thereon; that he purchased said lot on commissioner's sale on or about December 28, 1938, in the name of R. T. Henshaw, and that Henshaw by inadvertence, on the 20th day of March, 1941, executed and delivered a quitclaim deed to the property to Charles Henderson who took possession of the property and in 1944 made a deed to the property to A. C. Jones.

Plaintiff alleged that in case No. 28531 in the court of common pleas, Tulsa county, he recovered a final judgment against Henderson and Jones quieting title and for possession of the property. A copy of the journal entry of judgment was attached to the petition. He further alleged that he had paid out $100 as attorney's fee in that action.

Plaintiff alleged the rental value of the property to be $25 per month, and alleged the defendants had wrongfully collected rent and withheld possession of this property for a period of one year and five months. He prayed judgment for $425 for such rental loss and for the sum expended as attorney's fee in the action for recovery of possession.

The defendants filed a general denial of the allegations contained in the petition.

The case was tried to the court and resulted in a judgment for the plaintiff and against the defendants for the sum of $525. The defendant Henderson brings appeal.

All assignments of error are presented under one proposition that the judgment is not sustained by any competent evidence.

The parties stipulated that in case No. 28531 the plaintiff was given an order for possession and judgment quieting his title to the property here involved; that said judgment was entered on April 13, 1945, and the court found therein that plaintiff was the legal and equitable owner and had been ever since about December, 1938. It was further stipulated that the O. P. A. ceiling and rental value of the premises during all the time which is concerned in this case was $25 per month.

The plaintiff testified that he had been in possession of the property from the time he bought it in 1938, and had been collecting rent thereon until February, 1944; that he received notice the first of February, 1944, from O. P. A. that Charlie Henderson had filed a deed showing he was the owner and ordering plaintiff to quit collecting the rent; that he did not collect rent on the property from the first of February, 1944, until after he had filed and won the suit quieting his title and for possession and until August, 1945; that when he quit collecting rent he saw Henderson and Jones collecting rent and the renters told him that they were the ones the renters had orders to pay it to; that he was compelled to pay $100 attorney's fees in the case brought to quiet title and obtain possession.

On cross-examination the plaintiff testified that the renters in the house had told him that they had paid rent

to A. C. Jones during the time plaintiff had not collected rent.

One of the renters testified that she had paid rent to Jones from time to time after the plaintiff had quit collecting the rent and before plaintiff began collecting in August, 1945.

The evidence closed with the testimony of these two witnesses. The defendants offered no. evidence. No objection was made to the hearsay testimony given. The journal entry of judgment in case No. 28531, a copy of which was attached to the plaintiff's petition, was not introduced in evidence. Defendant Henderson in his brief admits there was proof of right of possession of the property in plaintiff and proof of wrongful entry or detention, but asserts that all the proof in reference to entry or exercise of possession and collection of rentals during the time involved went to A. C. Jones only and in no wise connected the defendant Charles Henderson with any entry or collection of rentals. The testimony of the plaintiff that after he received notice that Henderson had filed a deed to the property and after notice from O. P. A. to cease collecting rent thereon in February, 1944, he saw Henderson and Jones collecting rent on the property and that he was kept out of the rent until August, 1945, and until after he had won a lawsuit against them together with the stipulation that plaintiff recovered judgment against them in April, 1945, quieting his title and for possession, uncontradicted and unexplained, raises a clear implication that Henderson and Jones were acting together in the control and collection of rents on the property from February, 1944, until plaintiff regained control of the property by virtue of his lawsuit against them.

The judgment is affirmed.

The plaintiff asks judgment on the supersedeas bond duly filed in the trial court and a copy of which is incorporated in the case-made herein.

It is ordered, adjudged and decreed by this court that the plaintiff Jim Cherry, defendant in error herein, have and recover from Chester Henderson, W. F. Miles and A. C. Jones, sureties on said bond, the sum of $525 and interest thereon at the rate of 6% per annum from November 20, 1946, until paid, and costs, for all of which let execution issue.

HURST, C.J., DAVISON, V.C.J., and CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.